# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

No. 13-51202
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO SEGUNDO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-788-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rodolfo Segundo-Lopez (Segundo) appeals the sentence imposed following his guilty plea conviction on a charge of illegal reentry, in violation of 8 U.S.C. § 1326. He contends that the 24-month, within-guideline sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). Segundo asserts that the guideline range was too high to fulfill § 3553(a)'s goals because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2 is not empirically based and effectively double-counts a defendant's criminal record.  He also contends that the range overstates the seriousness of his nonviolent reentry offense and fails to account for his personal history and characteristics; specifically, his cultural assimilation and motives for returning to the United States.

As Segundo did not object on the basis of substantive reasonableness in the district court, plain error review applies.  *See United States v. Peltier*, 505 F.3d 389, 391−92 (5th Cir. 2007).  He acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of his sentence, but seeks to preserve the issue for further review.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  As noted, Segundo contends that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the Guideline is not empirically based.

Segundo concedes that we have consistently rejected the "empirical data" argument.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366−67 & n.7 (5th Cir. 2009).  We have also rejected contentions that double-counting necessarily renders a sentence unreasonable, *United States v. Duarte*, 569 F.3d 528, 529−31 (5th Cir. 2009), and that the Guidelines overstate the seriousness of illegal reentry because it is only a nonviolent, international-trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Segundo's request for a sentence at the bottom of the advisory guidelines range and also considered the § 3553(a) factors, but it concluded that a sentence in the middle of the guidelines range was sufficient—yet not greater than necessary—to satisfy the sentencing goals in § 3553(a).  Segundo's arguments are insufficient to rebut the presumption

of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565−66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Segundo has failed to show that the sentence is substantively unreasonable, and there is no reversible plain error.  *See Campos-Maldonado*, 531 F.3d at 339.

AFFIRMED.